### Joe Frye v. The State.

No. 1491. Decided April 3, 1912.

**1.—Forgery—Evidence—Passing Forged Instrument.**

Upon trial of forgery by raising a check from $2.25 to $7.25, there was no error in admitting testimony that a check for $7.25 was cashed at the bank; this was admissible as a circumstance tending to show that defendant was the person who had made the changes in the check, although no one saw him do so.

**2.—Same—Evidence—Comparison of Handwriting.**

Upon trial of forging a check, there was no error in permitting the State to show by comparison the proven signature of defendant and the alleged writing on the alleged forged check. Following Caldwell v. State, 28 Texas Crim. App., 566, and other cases.

**3.—Same—Evidence—Arrest—Declarations by Defendant.**

Where, upon trial of forgery, it was shown that defendant was not under arrest at the time he made statements with reference to the alleged forged check, there was no error in admitting them in evidence. Following Martin v. State, 57 Texas Crim. Rep., 264, and other cases.

Appeal from the District Court of Austin. Tried below before the Hon. John T. Duncan, Special Judge.

Appeal from a conviction of forgery; penalty, two years and six months imprisonment in the penitentiary.

The opinion states the case.

*W. I. Hill,* for appellant.—On question of admitting evidence on payment of check at the bank: Moore v. State, 7 Texas Crim. App., 608; Lewellen v. State, 18 Texas, 539; Pierce v. State, 17 Texas Crim. App., 232.

On question of admitting declarations of defendant: Nolen v. State, 14 Texas Crim. App., 474.

On question of insufficiency of the evidence: Searcy v. State, 4 Texas, 450; Field v. State, 34 Texas, 39; West v. State, 21 Texas Crim. App., 427; Vance v. State, 32 Texas, 396; Scott v. State, 31 id., 409; Tharp v. State, 28 id., 697; Hightower v. State, 22 id., 605.

On question of admitting declaration of defendant while under arrest: Robertson v. State, 54 Texas Crim. Rep., 21, 111 S. W. Rep., 741; Gaston v. State, 55 Texas Crim. Rep., 270, 116 S. W. Rep., 582; Collins v. State, 57 Texas Crim. Rep., 410, 123 S. W. Rep., 582; Rodriquez v. State, 58 Texas Crim. Rep., 397, 126 S. W. Rep., 264; Bronson v. State, 59 Texas Crim. Rep., 17, 127 S. W. Rep., 175; Layton v. State, 52 Texas Crim. Rep., 513, 107 S. W. Rep., 819.

*C. E. Lane,* Assistant Attorney-General, for the State.

HARPER, JUDGE.—Appellant was indicted, tried and convicted of the offense of forgery, and sentenced to two years and six months in the penitentiary.

Appellant objected to testimony going to show that a check for $7.25 was cashed at the Sealy National Bank, on the ground that he was charged with raising a check from $2.25 to $7.25, and was not charged with passing a forged instrument. The evidence shows that Mr. Reinhard Dommel gave to appellant a check for $2.25 on the Sealy National Bank; that when the check was presented that the name of the payee had been changed from Joe Frye, or bearer, to John Jones or bearer, and the amount from $2.25 to $7.25. As this check is traced, as originally given, into the hands of appellant, and when cashed at the bank these alterations had been made, it was admissible as a circumstance tending to show that appellant was the person who had made the changes in the check. It is true, no one saw appellant or any other person alter the check, yet, as the amount was increased after it reached appellant's hands, before being presented at the bank, and the case being one of circumstantial evidence, any circumstance that would shed light on the transaction is admissible.

The State introduced in evidence the check, and also introduced in evidence the proven signature of appellant to a bail bond, given by him, for comparison in handwriting. While on the witness stand testifying in his own behalf, appellant denied writing the name "John Jones" in the check, and being the person who altered and increased the

amount of it. On cross-examination he admitted that his signature to the bond was his genuine signature; in rebuttal the State offered the bond in evidence for comparison of handwriting, as tending to show that the same person who signed appellant's name to the bond was the person who had changed the check. While proof by comparison only is not sufficient in itself to establish that defendant is the person who altered the check, yet such facts are admissible in evidence to be considered by the jury, with other circumstances in the case. Caldwell v. The State, 28 Texas Crim. App., 566; Hunt v. State, 33 Texas Crim. Rep., 252; Williams v. The State, 27 Texas Crim. App., 466; Watson v. State, 9 Texas Crim. App., 237.

In another bill it is claimed that: "The State was permitted, over the objection of the defendant, to have the witness W. H. DuBose, a witness for the State, to testify as follows: I am justice of the peace down at Sealy and remember hearing about the check that was altered, it was given by Reinhard Dommel; I saw Joe Frye Saturday a week ago. The negro first told me he had $2 and that he borrowed it; his second statement was that he made it; his first statement was that he borrowed $2 from Mr. Jackson, a colored man, and that he had given it to his wife, he said he did not have any more, but upon turning his pocket out, found that he had 80 cents. He showed me some dice and said that some one staked him for a nickel and that he had won 75 cents; this was his second statement and was before he was arrested, and he said that he gave the check that he got from Mr. Dommel to his wife and that he reckoned she had bought something with it; he said that everything he gave her was just put around the house somewhere and that she would come across it. That that was the way he gave her everything that he gave her; he first stated that he gave it to his wife and supposed she had spent it; that he did not change it; that the check he got from Mr. Dommell was for $2.25 and that the one he gave his wife was for $2.25." The objection was that appellant was under arrest at the time and no statements made by him at that time were admissible in evidence. The court, in approving the bill, qualifies it and states that the testimony showed the defendant was not under arrest at the time the statements were made. The defendant excepted to this qualification and we must go to the testimony. The justice of the peace testifies that no arrest had been made at that time. That his attention had been called to the forgery of the check, and he sent for appellant, for Bob Long and others with a view to investigating the matter, and no person had been arrested at this time, and he had arrived at no definite conclusion as to whom to charge with the offense. That when appellant was asked about the check given him by Mr. Dommell, he said he had given it to his wife, and she had bought something with it in town. That it was just as he received it at the time he gave it to his wife. It is perhaps true that neither appellant, nor any of the others sent for by the justice of the peace, would have been permitted to go away from the control of

the officers. It is also true that afterwards a complaint was filed against appellant and he was arrested, while Bob Long and the others were permitted to go. The statements made by appellant could not be construed to be a confession, for if the statements were true, they would show that appellant was guilty of no offense. At the time he made these statements the justice of the peace testifies positively that defendant was not under arrest, and nothing had been said to him that would indicate to defendant that he was going to be placed under arrest; that while as a matter of fact he was subsequently arrested, nothing had been done at this time to indicate to defendant that his statement was not believed to be true, or that he had been given any intimation that he might be charged with an offense. Under the holding of this court in Martin v. State, 57 Texas Crim. Rep., 264, the testimony was properly admitted. See also Grant v. State, 56 Texas Crim. Rep., 411.

The court did not err in refusing to instruct a verdict of not guilty. The evidence would support the verdict of the jury that appellant was guilty of the offense as charged.

The judgment is affirmed.

*Affirmed.*